UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROSS KEITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-CV-2036 |
| | ) | |
| JUSTIN YOUNG, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se*, and currently incarcerated at Danville Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging he suffered a weightlifting injury to his lower back that caused him to spend several days in the infirmary. Plaintiff alleges that he never saw a doctor while in the infirmary and that he was discharged despite the fact that he could barely walk or stand.

Plaintiff alleges that Defendant Young, the prison doctor, examined him on one occasion, ordered x-rays, and then discontinued plaintiff's pain medication without explanation. Plaintiff also alleges that Defendant Young refused to follow the treatment plans prescribed by doctors at other institutions.

Plaintiff states a claim for deliberate indifference to a serious medical need against Defendant Young on the basis that Defendant Young failed to exercise appropriate professional discretion in treating plaintiff's weightlifting injury. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc). Plaintiff, however, does not state a claim based upon Defendant Young's alleged failure to follow the treatment plans of doctors from other prisons. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1074 (7th Cir. 2012) (deference to a prior doctor's diagnosis is not required to satisfy the requirements of the Eighth Amendment). Plaintiff also states a claim against Wexford based on the allegations that his medical treatment was delayed or denied based upon a Wexford policy. *See Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978).

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendant Young, and an official policy claim against Wexford. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60

days from the date the waiver is sent to file an answer.  If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service.  After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

    4.    With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

    5.    The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this opinion.  In general, an answer sets forth the defendants' positions.  The court does not rule on the merits of those positions unless and until a motion is filed by the defendants.  Therefore, no response to the answer is necessary or will be considered.

    6.    This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk.  The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the clerk.  The plaintiff must mail his discovery requests and responses directly to defendants' counsel.  Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to attempt service on the defendants pursuant to the standard procedures.

12. Plaintiff's motions for counsel [8, 11] are duplicative and are moot. Plaintiff's motion for counsel [5] remains under advisement.

Entered this 28th day of February, 2018

/s/Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE